UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**23-20175-CR-WILLIAMS/REID**

Case No. _____

21 U.S.C. § 846
21 U.S.C. § 841(a)(1)
21 U.S.C. § 853
18 U.S.C. § 2

FILED BY ___KAN___ D.C.

**Apr 25, 2023**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

UNITED STATES OF AMERICA

vs.

DANIEL ALBERTO CARPMAN,

       **Defendant.**

_____/

**INDICTMENT**

The Grand Jury charges that:

**GENERAL ALLEGATIONS**

At all times material to this Indictment, unless otherwise specified:

1. The Controlled Substances Act ("CSA") governed the manufacture, distribution, and dispensing of controlled substances in the United States. With limited exceptions for medical professionals, the CSA made it unlawful for any person to knowingly or intentionally manufacture, distribute, or dispense a controlled substance or conspire to do so.

2. The CSA and its implementing regulations set forth which drugs and other substances were defined by law as "controlled substances," and assigned those controlled substances to one of five schedules (Schedule I, II, III, IV, or V) depending on their potential for abuse, likelihood of physical or psychological dependency, accepted medical use, and accepted safety for use under medical supervision.

3. A controlled substance assigned to "Schedule II" meant that the drug had a high

potential for abuse, the drug had a currently accepted medical use in treatment in the United States, or a currently accepted medical use with severe restrictions.

4. Pursuant to the CSA and its implementing regulations, oxycodone was classified as a Schedule II controlled substance. 21 C.F.R § 1308.12(b). Oxycodone, sometimes prescribed under the brand name OxyContin or in combination with acetaminophen under the brand name Percocet, was used to treat severe pain. Oxycodone, as with other opioids, was highly addictive.

5. Medical practitioners, such as physicians and nurse practitioners, who were authorized to prescribe controlled substances by the jurisdiction in which they were licensed to practice medicine, were authorized under the CSA to prescribe, or otherwise distribute, controlled substances, if they were registered with the Attorney General of the United States. 21 U.S.C § 822(b); 21 C.F.R. § 1306.03. Upon application by the practitioner, the Drug Enforcement Administration ("DEA") assigned a unique registration number to each qualifying medical practitioner, including physicians and nurse practitioners.

6. Chapter 21 of the Code of Federal Regulations, Section 1306.04 governed the issuance of prescriptions and provided, among other things, that a prescription for a controlled substance "must be issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice." Moreover, "[a]n order purporting to be a prescription not issued in the usual course of professional treatment . . . is not a prescription within the meaning and intent of [the CSA] and the person knowingly filling such a purported prescription, as well as the person issuing it, shall be subject to the penalties provided for violations of the provisions of law relating to controlled substances." *Id.*

7. All prescriptions for controlled substances had to be "dated as of, and signed on, the day when issued and shall bear the full name and address of the patient, the drug name, strength,

dosage form, quantity prescribed, directions for use, and the name, address and registration number of the practitioner." 21 C.F.R. § 1306.05(a).

8. Pursuant to Florida Statute Title XXXII Chapter 458, a physician who provided professional services in a pain-management clinic was required to "perform a physical examination of a patient on the same day that the physician prescribes a controlled substance to a patient at a pain-management clinic." Additionally, "[i]f the physician prescribes more than a 72-hour dose of controlled substances for the treatment of chronic nonmalignant pain, the physician must document in the patient's record the reason for prescribing that quantity." Fla. Stat. Ann. § 458.3265.

## THE DEFENDANT AND RELATED ENTITIES

9. Daniel Carpman MD Medical Center Corp was a corporation organized under the laws of the State of Florida and a registered pain management clinic located in the Southern District of Florida.

10. Donate Medical Center Inc was a corporation organized under the laws of the State of Florida doing business at 1871 Coral Way, Suite 101, Miami, Florida 33145.

11. Defendant **DANIEL ALBERTO CARPMAN**, a resident of Broward County, was a licensed medical doctor and the owner and operator of Daniel Carpman MD Medical Center Corp and Donate Medical Center Inc.

## COUNT 1
**Conspiracy to Distribute and Dispense a Controlled Substance**
**(21 U.S.C. § 846)**

1. The General Allegations section of this Indictment is re-alleged and incorporated by reference as though fully set forth herein.

2. From in or around September 2018, and continuing through in or around March

3

2023, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**DANIEL ALBERTO CARPMAN,**

did knowingly and willfully combine, conspire, and agree with Yandre Trujillo Hernandez, Jorge Diaz Gutierrez, and others, known and unknown to the Grand Jury, to distribute and dispense a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Section 846.

The controlled substance involved in the conspiracy attributable to the defendant as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is a mixture and substance containing a detectable amount of oxycodone, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(C).

<u>**COUNTS 2-5**</u>
**Distributing and Dispensing a Controlled Substance**
**(21 U.S.C. § 841(a)(1))**

1.   The General Allegations section of this Indictment is re-alleged and incorporated by reference as though fully set forth herein.

2.   On or about the dates set forth as to each Count below, in Miami-Dade County, in the Southern District in Florida, the defendant,

**DANIEL ALBERTO CARPMAN,**

did knowingly and intentionally distribute and dispense a controlled substance through prescriptions that were issued without a legitimate medical purpose by a practitioner acting outside the usual course of professional practice, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2:

| Count | Approximate Date | Patient | Controlled Substance |
|---|---|---|---|
| 2 | May 8, 2020 | M.C. | 100 tablets of oxycodone 30mg |
| 3 | May 8, 2020 | B.R. | 100 tablets of oxycodone 30mg |
| 4 | October 13, 2020 | M.P. | 90 tablets of oxycodone 30mg |
| 5 | January 21, 2021 | M.P. | 90 tablets of oxycodone 30mg |

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged that these violations involved a mixture and substance containing a detectable amount of oxycodone, a Schedule II controlled substance.

## FORFEITURE
### (21 U.S.C. § 853)

1. The allegations of this Indictment are hereby realleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **DANIEL ALBERTO CARPMAN**, has an interest.

2. Upon conviction of a violation of Title 21, United States Code, Section 846 or Section 841, as alleged in this Indictment, the defendant shall forfeit to the United States any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense, pursuant to Title 21, United States Code, Section 853.

All pursuant to Title 21, United States Code, Section 853.

A TRUE BILL

_____
FOREPERSON

_____
MARKENZY LAPOINTE
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

_____
CHRISTOPHER J. CLARK
ASSISTANT UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

GLENN S. LEON, CHIEF
CRIMINAL DIVISION, FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE

_____
ALEXANDER THOR POGOZELSKI
TRIAL ATTORNEY
CRIMINAL DIVISION, FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO.: _____

v.

DANIEL ALBERTO CARPMAN,

_____ /

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of counts _____

**Court Division** (select one)
☒ Miami ☐ Key West ☐ FTP
☐ FTL ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.
3. Interpreter: (Yes or No) No
   List language and/or dialect: _____
4. This case will take __7__ days for the parties to try.
5. Please check appropriate category and type of offense listed below:
   (Check only one)       (Check only one)
   I   ☐ 0 to 5 days     ☐ Petty
   II  ☒ 6 to 10 days    ☐ Minor
   III ☐ 11 to 20 days   ☐ Misdemeanor
   IV  ☐ 21 to 60 days   ☒ Felony
   V   ☐ 61 days and over
6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Magistrate Case No. _____
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
9. Defendant(s) in federal custody as of _____
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No
15. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No

By: _____
Christopher J. Clark
Assistant United States Attorney
Court ID No. 588040

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** DANIEL ALBERTO CARPMAN

**Case No:** _____

Count #: 1

Conspiracy to Distribute and Dispense a Controlled Substance

Title 21, United States Code, Section 846
* **Max. Term of Imprisonment:** 20 years imprisonment
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** Life
* **Max. Fine:** $1 Million

Counts #: 2-5

Distributing and Dispensing a Controlled Substance

Title 21, United States Code, Section 841(a)(1)
* **Max. Term of Imprisonment:** 20 years imprisonment as to each count
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** Life
* **Max. Fine:** $1 Million

Count #:

_____

* **Max. Term of Imprisonment:**
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:**
* **Max. Fine:**

\*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.