UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-CR-20175-MD

UNITED STATES OF AMERICA

vs.

DANIEL ALBERTO CARPMAN,

      **Defendant**.
_____/

## JOINT STATUS REPORT

Defendant Daniel Alberto Carpman, by and through undersigned counsel, and the United States of America, by and through undersigned counsel, respectfully submit this Joint Status Report setting forth the progress on the ongoing discovery issues.

1. On June 25, 2024, this court held a status conference in the above referenced case at the request of all parties to address ongoing discovery issues. Most of the discovery issues related to patient medical files that were held by Practice Fusion, an electronic patient file platform used by Defendant Dr. Carpman during the charged conspiracy. Additionally, the court asked if the Government would provide to the defense a copy of the patient records it had its expert review in the same format the expert received them, and the government did so shortly after the hearing.

2. After the hearing, the Government reached out to Practice Fusion to follow up on the Defendant's request. On July 1, 2024, the Government confirmed its conversation with Practice Fusion and explained that the company relayed it would be able to provide access to Dr. Carpman's patient records through the portal and suggested a conference call with



all parties, including Practice Fusion, to discuss the defense's request to access the medical records through Practice Fusion's platform. See email from the Government attached hereto as Exhibit A.

3. On July 2, 2024, all parties logged onto a Microsoft teams call with two representatives from Practice Fusion to answer questions and discuss the defense's request. During the call, Practice Fusion indicated it would give both the defense and the Government access to the portal via a login and password and that the access would be read-only and would encompass the time period in the indictment until the time when Dr. Carpman left and sold the practice. Practice Fusion acknowledged that Dr. Carpman's sale of the practice complicated the matter but at the end of the call the parties believed that access would be provided. Practice Fusion also agreed to and did provide a data dictionary outlining terms used and an example of a patient chart printout which would include patient identifying information, medical history, the current patient encounter, chief complaint, summary of exam and notes of physician as well as other patient information.

4. After a period of time lapsed with no update from Practice Fusion, the Government reached out to the company asking for an update. On July 24, 2024, Practice Fusion sent an email to all parties stating that it could not provide the defense and the Government access to medical records associated with Dr. Carpman's Practice Fusion account through its platform. Practice Fusion wrote that it could not do so because Dr. Carpman had sold his practice and along with it all of the medical records for his patients, pursuant to Fla. Stat. 456.057. See email from Practice Fusion attached hereto as Exhibit B. The Government

RATZAN & FACCIDOMO LLC
2850 Tigertail Avenue, Suite 400, Miami, FL 33133
Tel. 305.374.5730
Fax. 305.374.6755
www.rflawgroup.com

asked Practice Fusion if the company's position would remain the same if the defendant were to issue a trial subpoena for the records, and Practice Fusion confirmed that it would.

5. Undersigned counsel and the Government discussed the defense issuing a trial subpoena to Practice Fusion but considering the response from Practice Fusion it appears this would not resolve the defense's request.  Undersigned counsel does not believe it would be able to gain the requested consent from the new owners.  Dr. Carpman sold his practice, not his patients, but that practice has since closed.  After Dr. Carpman's indictment in this case the owners filed a lawsuit seeking return of the monies paid alleging there was fraud in the inducement.  A request for a release will result in civil counsel using this issue as a bargaining chip in their frivolous lawsuit to extort Dr. Carpman to make the choice between gaining access to his patient records to defend himself in this criminal case and defending their baseless civil claim.

6. The matter is currently scheduled for Calendar Call on October 1, 2024, and trial is scheduled for October 7, 2024.  Both parties request an additional thirty days to provide the court with an update or to file the appropriate motions relating to this issue.

        Respectfully submitted,

        MARKENZY LAPOINTE
        UNITED STATES ATTORNEY
        SOUTHERN DISTRICT OF FLORIDA

        GLENN S. LEON, CHIEF
        CRIMINAL DIVISION, FRAUD SECTION
        U.S. DEPARTMENT OF JUSTICE

By: /s/ *Alexander Thor Pogozelski*
     Alexander Thor Pogozelski, Trial Attorney
     Florida Special Bar No. A5502549



United States Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue NW
Washington, D.C. 20005
Tel: 202-510-2208
Email: Alexander.Pogozelski@usdoj.gov

/s/ *Christopher J. Clark*
Christopher J. Clark
Florida Bar No. 588040
Assistant United States Attorney
99 Northeast 4th Street
Miami, Florida 33132-2111
Tel: (305) 961-9438
Email: Christopher.Clark@usdoj.gov

RATZAN & FACCIDOMO, LLC
ATTORNEYS AT LAW
2850 Tigertail Avenue, Suite 400
Miami, Florida 33133
305-374-5730 Office
305-374-6755 Fax

 *s/ Mycki Ratzan*
Mycki Ratzan, Esquire
Mycki@rflawgroup.com
Florida Bar No. 915238

*s/Jude M. Faccidomo*
Jude M. Faccidomo, Esquire
Jude@rflawgroup.com
Florida Bar No. 0012554

*Louis Martinez, Esq.*
Louis Martinez, Esq.
louisvmartinez14@gmail.com
Office: 305-358-4500
Cell: 305-607-5914
Florida Bar No. 528862

4



## CERTIFICATE OF SERVICE

I, Mycki Ratzan, Esq., hereby certify that on July 25, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

*s/ Mycki Ratzan*
Mycki Ratzan, Esquire
Mycki@rflawgroup.com
Florida Bar No. 915238