# EXHIBIT

# B

███████████████████

**Sent:** Wednesday, July 24, 2024 5:58:23 PM
**To:** Pogozelski, Alexander (CRM) <Alexander.Pogozelski@usdoj.gov>; ████████████████████████; Clark, Christopher (USAFLS) <CClark@usa.doj.gov>; mycki@mratzanlaw.com <mycki@mratzanlaw.com>; Jude@rflawgroup.com <Jude@rflawgroup.com>; lmartinez@vitalehealthlaw.com <lmartinez@vitalehealthlaw.com>; Lane, Matthew Coulter (MM) (FBI) <MCLANE@FBI.GOV>
**Subject:** [EXTERNAL] RE: Dr. Carpman / Practice Fusion

Hello Alex, thanks for your email.

You are correct.  My understanding is Dr. Carpman sold his practice and therefore the records would be owned by the purchaser under relevant Florida statutes cited below.  If the practice sale agreement provides differently, please feel free to send that over to us.  I understand that sometime after the sale, the new practice owner removed Dr. Carpman as an active user in the Practice Fusion EHR.

If defense counsel and Dr. Carpman obtains written signed consent consistent with the requirements of 456.057(19) below from the new records owners (also signed by Dr. Carpman), we could request that our technical teams provide an extract of such records consistent with the written consent provided.

Our position outlined above would also be the same if Dr. Carpman's attorneys were to issue a trial subpoena for those same records.  Practice Fusion serves as an electronic communication service and/or a remote computing service as that term is defined in Title II of the Electronic Communications Privacy Act of 1986, also known as the Stored Communications Act, 18 U.S.C. § 2701, *et seq.* ("SCA").  The SCA prohibits Veradigm from disclosing the contents of any electronic communication while in electronic storage, or which is carried or maintained on its service. The Stored Communications Act does not include exceptions for civil subpoenas or civil court orders that would permit Veradigm to disclose the contents of its clients' accounts. Additionally, the Health Insurance Portability and Accountability Act and its implementing regulations, Pub. L. No. 104-91, 110 Stat. 1936, as amended by Health Information Technology for Economic and Clinical Health Act ("HITECH"), Pub. L. No. 111–5, 123 Stat. 225 (2009) (enacted under Title XIII of the American Recovery and Reinvestment Act of 2009) ("HIPAA") governs Veradigm's responsibilities to its clients, for whom Veradigm acts as a business associate, and specifically limits Veradigm's ability to produce personal health information.

Thanks, and please advise if you have any questions.
Tom

**456.057   Ownership and control of patient records; report or copies of records to be furnished; disclosure of information.**—
(1)   As used in this section, the term "records owner" means any health care practitioner who generates a medical record after making a physical or mental examination of, or administering treatment or dispensing legend drugs to, any person; any health care practitioner to whom records are transferred by a previous records owner; or any health care practitioner's employer, including, but not limited to, group practices and staff-model health maintenance organizations, provided the employment contract or agreement between the employer and the health care practitioner designates the employer as the records owner.

(19)   A records owner shall release to a health care practitioner who, as an employee of the records owner, previously provided treatment to a patient, those records that the health care practitioner actually created or generated when the health care practitioner treated the patient. Records released pursuant to this subsection shall be released only upon written request of the health care practitioner and shall be limited to the notes, plans of care, and orders and summaries that were actually generated by the health care practitioner requesting the record.